UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:CR-04-0334 |
| | ) | |
| v. | ) | (Judge Jones) |
| | ) | |
| JAMES MONROE LINDSAY, | ) | |
| | ) | |
| Defendant. | ) | (Electronically Filed) |

PRELIMINARY ORDER OF FORFEITURE
AND FINAL ORDER AS TO THE
DEFENDANT'S INTEREST IN ALL ASSETS

IT IS HEREBY ORDERED THAT:

1. As a result of the guilty plea on Count 5 of the Indictment entered by James Monroe Lindsay, for which the Government sought forfeiture pursuant to 21 U.S.C. § 853, the defendant shall forfeit to the United States all property used or intended to be used in any manner or part to commit or facilitate the commission of the offenses involving 21 U.S.C. § 841 and 21 U.S.C. § 853.

2. Based upon the evidence set forth in the Indictment and as agreed upon in the plea agreement, the United States has established the requisite nexus between the property and the

offense to which the defendant pled guilty. Accordingly, the defendant's property consisting of $17,000.00 in United States currency and $6,476.00 in United States currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

3. Upon the entry of this Order, the United States Marshals Service is authorized to seize the above-listed property, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with 32.2(b)(3) of the Federal Rules of Civil Procedure.

4. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States Marshals Service may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property. No such notice is required to the extent that this Order consists solely of a money

judgment against the defendant pursuant to 32.2(c)(1) of the Federal Rules of Criminal Procedure.

6. Any person, other than the above-named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n).

7. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure and before

a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if one, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11. The Clerk of Court shall forward four certified copies of this order to Assistant U.S. Attorney James T. Clancy, U.S. Attorney's Office, Middle District of Pennsylvania.

SO ORDERED this 24th day of January, 2006.

JOHN E. JONES, III
UNITED STATES DISTRICT JUDGE

4